IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2005

## STATE OF TENNESSEE v. TIFFANY YVONNE MARSHALL

**Appeal from the Criminal Court for Cumberland County**
**No. 7846 and 7847     Lillie Ann Sells, Judge**

_____

**No. E2004-01848-CCA-R3-CD - Filed July 6, 2005**

_____

The Appellant, Tiffany Yvonne Marshall,[1] appeals the revocation of her probation by the Cumberland County Criminal Court. On April 5, 2004, Marshall pled guilty to theft over $1,000 and theft under $500 and received an effective four-year sentence. These sentences were suspended, and Marshall was placed on probation to be supervised by community corrections. On May 25, 2004, a probation violation warrant issued alleging Marshall had committed the offenses of identity theft, possession of a Schedule IV controlled substance, and possession of a Schedule VI controlled substance. Following a revocation hearing, Marshall was found to be in violation of her probation, and her original sentence to the Department of Correction was reinstated. On appeal, Marshall argues: (1) that the trial court violated *Blakely v. Washington*; (2) that the evidence fails to establish that she violated probation; and (3) that the trial court acted "too harshly" by revoking her probation. After review, we find no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

David Brady, Public Defender; Joe L. Finley, Jr. and John B. Nisbet, III, Assistant Public Defenders, for the Appellant, Tiffany Yvonne Marshall.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; William E. Gibson, District Attorney General; and Kevin Poore, Assistant District Attorney General, for the Appellee, State of Tennessee.

---

[1] The indictments reflect that the Appellant's name is Tiffany Yvonne Marshall; however, on some documents in the record, her name appears as Tiffany Jones Marshall. Our policy is to use the name as it appears on the indictment.

## OPINION

### Factual Background

On April 5, 2004, the Appellant pled guilty to theft over $1,000, a Class D felony, and theft under $500, a Class A misdemeanor. For theft over $1,000, the Appellant received a four-year sentence to be served concurrently with an eleven month and twenty-nine day sentence for theft under $500. The Appellant's effective four-year sentence was suspended, and she was placed on probation to be supervised by community corrections. As conditions of probation, she was ordered to obtain alcohol and drug assessment and to follow recommended treatment, in addition to submitting to a drug test at least every sixty days.

On March 25, 2004, a violation warrant was filed against the Appellant alleging that she had violated the terms of her probation due to her May 20, 2004 arrest for identity theft,[2] possession of a Schedule IV controlled substance, and possession of a Schedule VI controlled substance. Additionally, on July 21, 2004, an amended violation warrant was filed alleging a positive drug test. During the July 28, 2004 revocation hearing, the State withdrew the positive drug test violation because of a notice issue. The Appellant did not testify at the revocation hearing. A supervising officer with Community Corrections testified that on April 19, 2004, the Appellant was transferred from Cumberland County Community Corrections' supervision to Sequatchie County Community Corrections' supervision due to the Appellant's relocation to Dunlap.

Investigator Keith Herron with the Sequatchie County Sheriff's Department testified that when Danny Nale, the victim of the identify theft, reported fraudulent use of his checking account, the name Tiffany Jones came back on the account. The Appellant lived across the street from Nale. Herron questioned the Appellant, and she admitting retrieving cancelled checks from Nale's house and playing computer games online using Nale's account information. The Appellant told Herron that "she didn't think that she was running up a bill;" however, several thousand dollars were charged to the account. The Appellant also signed a waiver of rights form and made the following written statement:

> I got the checking information from my neighbor's mailbox. I did this without there [sic] permission. I tried to download games using the checking and routing number from the account I took from the mailbox. I used the laptop to do this transaction. The information with my checking account is at my residence on a white envelope. I showed Barbara Lynch the checking account number I had on the envelope. I am not familiar with any purchases or debts that Barbara Lynch has made on this account.

---

[2] A person commits identify theft who knowingly transfers or uses, without lawful authority, a means of identification of another person with the intent to commit, or otherwise promote, carry on, or facilitate any unlawful activity. Tenn. Code Ann. § 39-14-150 (2003).

Herron retrieved Nale's cancelled checks from the Appellant's house. After obtaining these checks, he executed a search warrant of the Appellant's residence and discovered prescription pills that were not labeled or in a bottle, which were the basis for the possession of a Schedule IV controlled substance charge. Herron testified that he believed the Appellant later told him that some of these pills were Valium, but he also testified that he had not yet received a lab report on the pills. Herron also found what he recognized as marijuana in a gun safe and marijuana residue in a bowl, which was the basis of the Appellant's possession of a Schedule VI controlled substance.

At the conclusion of the revocation hearing, the trial court withheld any decision regarding the pills because the lab report was pending, and the court further declined to rule on the positive drug screen due to confusion concerning notice. Based upon the evidence presented at the hearing, the trial court found that the Appellant had violated the conditions of her probation by committing the crimes of identify theft and possessing marijuana. The Appellant's suspended sentences were revoked, and she was ordered to serve the balance of her four-year sentence in the Department of Correction.

**Analysis**

## I. *Blakely* Error

The Appellant argues that the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004) "prohibits a trial court from conducting a probation violation hearing and sentencing a defendant to jail because a judge conducts the hearing and then determines facts based on a preponderance of evidence instead of *Blakely's* requirement that a jury find facts beyond a reasonable doubt." This argument is misplaced. The ruling in *Blakely* arose from the context of a sentencing hearing following a criminal defendant's adjudication of guilt. The Appellant's argument fails to recognize the distinction between the criminal prosecution process and revocation of probation. A probation violation hearing is not part of the criminal prosecution process, as revocation of probation is remedial rather than punitive. *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593 (1972); *see also* Tenn. Code Ann. § 40-35-311 (2003). Revocation proceedings are informal, as evidenced by relaxed rules regarding the admissibility of evidence, the absence of a jury, and a preponderance of evidence burden of proof. *See* Tenn. Code Ann. § 40-35-311(c) - (e); *see generally Barker v. State*, 483 S.W.2d 586, 588 (Tenn. 1972). Probationers are not entitled to receive the full range of due process rights. *Barker*, 483 S.W.2d at 589. "Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty" provided in the terms of probation. *Morrissey*, 408 U.S. at 480, 92 S. Ct. at 2600.

Moreover, our supreme court has recently held that this State's sentencing procedures are unaffected by the holding in *Blakely*. *See State v. Edwin Gomez and Jonathan S. Londono*, M2002-01209-SC-R11-CD (Tenn. April 15, 2005), *pet for reh'g denied* (May 18, 2005). Accordingly, we conclude this issue is without merit.

## II. Evidence Establishing Probation Violation

Next, the Appellant contends that the trial court erred in revoking her probation based upon her May 20, 2004 arrest. Specifically, she argues that "it was not established by a preponderance of the evidence that she committed the offenses of identity theft, possession of a schedule IV drug or possession of a schedule VI drug." This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). This means that the evidence need only show that the trial judge has exercised conscientious and intelligent judgment in making the decision rather than acting arbitrarily. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised conscientious judgment. To conclude that a trial court abused its discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

We note that the Appellant is incorrect in her contention that the trial court based its revocation in part upon possession of a Schedule IV controlled substance. The trial court clearly withheld any decision regarding the pills alleged to be Schedule IV controlled substances because the lab results were not available. After review of the record, we conclude that the evidence in this case does not preponderate against the trial court's finding that the Appellant violated her probation by possessing a Schedule VI controlled substance and committing identity theft. Finding no abuse of discretion, this issue is without merit.

## III. Order of Confinement

The Appellant also argues that the trial court acted "too harshly" when it revoked her probation and required her to serve her sentence in confinement rather than extending her probation for two years. Upon finding by a preponderance of the evidence that a defendant has violated the terms of his probation, the trial court is authorized to order the defendant to serve the balance of the original sentence in confinement. *See* Tenn. Code Ann. §§ 40-35-310, -311(e) (2003); *Harkins*, 11 S.W.3d at 82. In the alternative, "at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for a period not in excess of two (2) years." Tenn. Code Ann. § 40-35-308(c)(2003); *see also State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999). Subsection (c) addresses situations when "a defendant violates his or her probation near the end of the term." Tenn. Code Ann. § 40-35-308, Sentencing Commission Comments. In the present case, the Appellant violated her probation less than two months after she was placed on probation. This issue is without merit.

-4-

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the Cumberland County Criminal Court.

_____

DAVID G. HAYES, JUDGE